LILLY, APPELLEE, *v.* LILLY, APPELLANT.

(No. CA 9367 — Decided December 12, 1985.)

*Jack E. Staley,* for appellee.

*Certo & Larson* and *Peter R. Certo, Jr.,* for appellant.

WOLFF, J. Appellant, John Lilly ("husband"), appeals from an order of the Court of Common Pleas of Montgomery County granting appellee, Diana Lilly ("wife"), custody of their minor children and requiring him to pay $50 per week per child in child support.

On December 10, 1984, the wife filed her complaint for divorce. On the same day, she filed an affidavit of income and expenses in which she requested a temporary order for child support and alimony. On January 22, 1985, the husband filed his answer and counterclaim.

On January 15, 1985, the court awarded temporary custody of the children to the wife but found an insufficient basis for temporary alimony or child support. Subsequently, the wife requested a hearing pursuant to Civ. R. 75(M)(2). The hearing was held before the referee on February 20, 1985, and on February 20, 1985, the referee recommended that the temporary order of January 15 be modified so that the husband should pay $25 per week per child in child support, and $25 per week in alimony starting March 8, 1985, and that he should pay the wife's rent and utilities beginning in the month of March, up to $50 per month in rent and $146.63 per month in utilities.

The court approved and adopted the referee's report but the court ordered the defendant to pay only a total of $25 per week of temporary child support, $25 per week of temporary alimony, and as further temporary alimony, a flat rate of $196.63 per month for rent and utilities.

On March 29, 1985, the husband and wife appeared for trial and both moved for dismissal of their claims for divorce. The court sustained the motions of the husband and wife and dismissed the wife's complaint and the husband's counterclaim. In addition, the court awarded custody of the children to the wife and set child support at $50 per week per child. On April 2, 1985, the trial court filed its dismissal entry which provided for custody and child support pursuant to R.C. 3105.21 as stated above and further set forth visitation rights of the husband and held him responsible for "extraordinary medical, dental and optical expenses of the minor children."

On May 2, 1985, the husband timely filed his notice of appeal from the April 2, 1985 dismissal entry.

Appellant husband asserts two assignments of error. The first states:

"The court has no jurisdiction to issue an order of custody and support under O.R.C. 3105.21(B), when a complaint has been voluntarily dismissed and no proof offered."

R.C. 3105.21(B) provides:

"Upon the failure of proof of the causes in the complaint, the court may make the order for the disposition, care, and maintenance of any dependent child of the marriage as is in the child's best interest, and in accordance with section 3109.04 of the Revised Code."

Husband contends that R.C. 3105.21 does not come into effect upon a voluntary dismissal under Civ. R. 41 and that, therefore, the court was without jurisdiction to issue any order other than a dismissal.

This would be true if the parties had voluntarily dismissed their claims pursuant to Civ. R. 41(A)(1), but the husband and wife dismissed their claims through oral motions in open court. As the court in *Douthitt* v. *Garrison* (1981), 3 Ohio App. 3d 254, held, a party cannot voluntarily dismiss his or her case pursuant to Civ. R. 41(A)(1) through an oral request. *Id.* at 256.

In order to voluntarily dismiss their claims by means of an oral request, the parties were required to proceed under Civ. R. 41(A)(2). Civ. R. 41(A)(2) provides in pertinent part that "* * * an action shall not be dismissed at the * * * [party's] instance except upon order of the court and upon such terms and conditions as the court deems proper." In the case at bar, the trial court did order dismissal of the actions, but the record does not reflect that the court's award of custody and support was made pursuant to Civ. R. 41(A)(2). In fact, in its April 2 order, the trial court stated that it was acting pursuant to R.C. 3105.21.

Initially, this court holds that the trial court had no jurisdiction to "make the order for the disposition, care, and maintenance of [the children]" pursuant to R.C. 3105.21. R.C. 3105.21 only applies where there has been "a failure of proof of the causes in the complaint." The voluntary dismissals of the causes in the wife's complaint and the husband's counterclaim were not failures of proof as contemplated by R.C. 3105.21(B). See, *e.g., Dickrede* v. *Dickrede* (1984), 14 Ohio App. 3d 292. Therefore, R.C. 3105.21 has no application in this case, and the trial court could not award custody and support pursuant to R.C. 3105.21.

Furthermore, the trial court had no power to award custody and support as a term or condition of the dismissal pursuant to Civ. R. 41(A)(2). The purpose of allowing a court to condition a dismissal upon certain terms is to prevent prejudice to the nonmoving party. See *Brown* v. *Zackert* (1985), 10 Kan. App. 2d 466, 701 P. 2d 711, 713-714; *Sherry* v. *Sherry* (Alaska 1981), 622 P. 2d 960, 964; 9 Wright & Miller, Federal Practice and Procedure (1971), Section 2364. Such a dismissal should " 'leave the parties as if the action had never been brought.' " *Sherry, supra* [622 P. 2d], at 964. The conditions and terms cannot "alter the preexisting rights of the parties." *Id.* at 965. Accordingly, the trial court could not award custody and support as a condition to a Civ. R. 41(A)(2) dismissal.

Furthermore, once the trial court sustained the motions of both parties to dismiss their claims it was without jurisdiction to make any further order and the "action is treated as if it had never been commenced." *Zimmie* v. *Zimmie* (1984), 11 Ohio St. 3d 94, 95; see, also, *Frysinger* v. *Leech* (1983), 10 Ohio App. 3d 150, 152. Consequently, we sustain appellant husband's first assignment of error.

Appellant's second assignment of error states:

"The court cannot summarily double the amount of child support

previously ordered without taking any testimony or receiving any evidence as to a change of circumstances."

This assignment of error is overruled as moot because we have decided the trial court had no jurisdiction to make any further order after it allowed the parties to dismiss their actions.

The temporary child support and alimony awarded pursuant to Civ. R. 75(M) was by nature merely a temporary order which was only effective "during the pendency of the action for divorce * * *." Civ. R. 75(M)(1); see, also, *Spence* v. *Spence* (1981), 2 Ohio App. 3d 280, 282. Once the action for divorce was dismissed by the court, the temporary order was no longer in effect.

For the foregoing reasons, the order of the trial court filed April 2, 1985, is reversed except insofar as it dismissed the case.

*Judgment reversed.*

BROGAN, P.J., and WILSON, J., concur.