[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 158.]

THE STATE EX REL. FOGLE ET AL., APPELLANTS, *v.* STEINER, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Fogle v. Steiner*, 1995-Ohio-278.]

*Mandamus and prohibition granted against Licking County Common Pleas Court, Domestic Relations Division, involving a divorce proceeding, when—Voluntary dismissal terminates court's judisdiction.*

(No. 93-991—Submitted September 26, 1995—Decided December 6, 1995.)

APPEAL from the Court of Appeals for Licking County, No. 93-CA-28.

_____

{¶ 1} On June 11, 1987, appellant Mary Fogle and Adam Fogle were married. While married, they had two children, appellants Amanda Nicole Fogle and Matthew Adam Rodney Fogle. On June 23, 1992, Mary Fogle filed a complaint for divorce in the Licking County Court of Common Pleas, Domestic Relations Division. On June 30, 1992, the court granted her *ex parte* motion for temporary custody of the two children. Adam Fogle subsequently filed an answer and a counterclaim for divorce.

{¶ 2} After Adam Fogle and his mother, Judith Prince, refused to give Mary Fogle custody of the two children, Mary Fogle obtained a writ of habeas corpus from the Licking County Common Pleas Court, Juvenile Division. See, *e.g.*, R.C. 2151.23(A)(3). The writ ordered that the children be brought before the court for a hearing.

{¶ 3} On July 1, 1992, Adam Fogle filed a motion in the divorce proceeding for the court to vacate its prior *ex parte* temporary custody order and to grant temporary custody *pendente lite* to his mother, Judith Prince. The court granted the motion, awarding Prince custody of the two children *pendente lite*. The juvenile court then vacated its writ of habeas corpus and released the children to Prince.

**{¶ 4}** On August 4, 1992, Adam Fogle filed a motion requesting a continuance in a temporary custody hearing in the divorce proceeding. One of the specified grounds for the motion was that Prince had "indicated that she will request leave to be joined as a party in the above-captioned matter." In an "agreed entry" signed on the same day by appellee Domestic Relations Division Judge Russell A. Steiner, the motion was granted. The entry noted that one of the reasons for the continuance was Prince's "request to be joined as a party." On August 7, 1992, Mary and Adam Fogle filed a notice of their joint dismissal of the divorce action in which they expressly dismissed their claims and counterclaims against each other. The notice of dismissal did not contain Prince's signature.

**{¶ 5}** On October 9, 1992, appellee Domestic Relations Division Referee C. William Rickrich issued a report recommending that Judge Steiner designate Prince as the legal custodian of the parties' minor children. The referee stated the following about the effect of the parties' notice of dismissal on the proceedings:

"*** [T]he plaintiff and defendant filed a notice of dismissal of the case on August 7, 1992. The dismissal does not contain the signature of Mrs. Prince or any representation that she consented to it. This point is significant since the Court's order of July 11, 1992, granted temporary custody of the Fogle children to Mrs. Prince. This order has not been modified or set aside."

**{¶ 6}** Judge Steiner approved the referee's report, ordering that Prince be the legal custodian of the two minor children of the parties. On November 24, 1992, Judge Steiner overruled Mary Fogle's motion to vacate the judgment awarding custody of the children to Prince:

"The plaintiff claims that because she and the defendant entered a voluntary dismissal of their respective claims, the Court lost its jurisdiction to award custody of the parties['] minor children to the paternal grandmother.

"The problem with plaintiff's argument is that before plaintiff and defendant agreed to dismiss their claims against *each other* on August 7, 1992, the

paternal grandparent was joined as a party and acquired the status of a third party to the suit pursuant to an entry filed August 4, 1992." (Emphasis *sic.*)

{¶ 7} On March 9, 1993, appellants, Mary Fogle and her two children, filed a complaint for a writ of prohibition (misdesignated below as "prohibito"), mandamus, and procedendo, in the Court of Appeals for Licking County naming appellees, Judge Steiner, Referee Rickrich, and Juvenile Division Judge Mike Radabaugh as respondents. Appellants requested (1) a writ of prohibition preventing the Licking County Common Pleas Court, Domestic Relations Division from exercising further jurisdiction in the divorce proceeding; (2) a writ of mandamus ordering the Licking County Common Peas Court, Domestic Relations Division to vacate all orders made in the divorce proceeding since the August 7, 1992 notice of dismissal filed by Mary and Adam Fogle; (3) a writ of mandamus ordering the Licking County Common Pleas Court, Juvenile Division to vacate its July 1, 1992 order in the habeas corpus case, issue a new writ of habeas corpus for the production of the children, and return the children to Mary Fogle; and (4) a writ of procedendo ordering the Licking County Common Pleas Court, Juvenile Division to proceed with the habeas corpus case.

{¶ 8} On March 19, 1993, prior to the expiration of the period for appellees to file an answer or motion to dismiss, the court of appeals *sua sponte* dismissed the case, holding:

"Writs denied. An adequate remedy at law existed, i.e., direct appeal of the October 9, 1992 judgment entry ordering that Judith Prince be designated legal custodian and/or the November 24, 1992 judgment entry denying plaintiff's motion to vacate the October 9, 1992 judgment entry."

{¶ 9} Although relators filed a timely notice of appeal in 1993, the record was not transmitted and the case was not fully briefed until this year. While the appeal was pending, the referee issued a report on May 18, 1993 recommending that custody of the children continue with Prince. In the report, the referee noted

that his "review of the file revealed that Mrs. Prince had not been formally added as a third party defendant." On the same date that the referee's report was filed, Judge Steiner issued an entry in which he *sua sponte* ordered that Prince be added as a third-party defendant in the divorce case. Subsequently, on February 22, 1994, Judge Steiner issued a *nunc pro tunc* entry in the divorce case which provided:

"The Court, upon motion of Judith Prince, through counsel, hereby orders that Judith Prince be named as a third party defendant in the above captioned action effective August 4, 1992."

{¶ 10} The cause is now before this court upon an appeal as of right from the court of appeals' *sua sponte* dismissal of the extraordinary writ action.

———————————

*Harry J. DePietro*, for appellants.

*Robert L. Becker*, Licking County Prosecuting Attorney, and *Scott A. Anderson*, Assistant Prosecuting Attorney, for appellees.

———————————

**Per Curiam.**

{¶ 11} Appellants contend in their first and second propositions of law that the court of appeals erred in *sua sponte* denying the writs, since the domestic relations court lacked jurisdiction in the divorce case when Mary and Adam Fogle filed their notice of dismissal on August 7, 1992. The court of appeals *sua sponte* denied the requested writs on the basis that appellants possessed an adequate legal remedy. This denial constituted a summary dismissal, which this court reviews to determine if the court of appeals abused its discretion. *State ex rel. Hipp v. N. Canton* (1994), 70 Ohio St.3d 102, 103, 637 N.E.2d 317, 318. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 223, 631 N.E.2d 150, 155.

{¶ 12} In general, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 108, 647 N.E.2d 799, 801. However, *sua sponte* dismissal without notice is appropriate where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *Id.*, citing *Baker v. Dir., U.S. Parole Comm.* (C.A.D.C.1990), 916 F.2d 725, and *English v. Cowell* (C.A.7, 1993),10 F.3d 434. Here, the court of appeals did not give the parties prior notice of its intention to dismiss and an opportunity to respond. Consequently, we must determine if appellants' claims are frivolous or obviously without merit. *Edwards, supra*.

{¶ 13} In initially considering the claims for writs of mandamus and prohibition against the domestic relations division, absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy by appeal. *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112. However, where an inferior court patently and unambiguously lacks jurisdiction over the cause, mandamus and prohibition will lie to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions. *State ex rel. Lewis v. Moser* (1995), 72 Ohio St.3d 25, 28, 647 N.E.2d 155, 157; *State ex rel. Adams v. Gusweiler* (1972), 30 Ohio St.2d 326, 330, 59 O.O.2d 387, 389, 285 N.E.2d 22, 24.

{¶ 14} R.C. 3105.21(B) vests a domestic relations court with jurisdiction to determine custody issues even though a divorce action is dismissed due to a failure to prosecute. *State ex rel. Easterday v. Zieba* (1991), 58 Ohio St.3d 251, 255, 569 N.E.2d 1028, 1032. However, the domestic relations court lacks jurisdiction under R.C. 3105.21(B) to exercise further jurisdiction in a divorce proceeding if the

parties voluntarily dismiss their claims pursuant to Civ.R. 41(A)(1). See *Lilly v. Lilly* (1985), 26 Ohio App.3d 192, 193, 26 OBR 412, 413, 499 N.E.2d 21, 23. When a case has been properly dismissed pursuant to Civ.R. 41(A)(1), the court patently and unambiguously lacks jurisdiction to proceed and a writ of prohibition will issue to prevent the exercise of jurisdiction. *State ex rel. Hunt v. Thompson* (1992), 63 Ohio St.3d 182, 183, 586 N.E.2d 107, 108; see, also, *State ex rel. Rice v. McGrath* (1991), 62 Ohio St.3d 70, 577 N.E.2d 1100 (trial court lacks jurisdiction to proceed when a case has been unconditionally dismissed).

{¶ 15} Appellants claim that the parties to the divorce proceeding, Mary and Adam Fogle, dismissed the case on August 7, 1992 pursuant to Civ.R. 41(A)(1)(b) ("[A]n action may be dismissed by the plaintiff without order of the court *** by filing a stipulation of dismissal signed by all parties who have appeared in the action."). Appellees contend that the attempted voluntary dismissal by stipulation of the parties was ineffective because it did not contain the signature of Judith Prince, the paternal grandmother.

{¶ 16} Appellees rely on the October 9, 1992 referee's report, the November 24, 1992 entry of Judge Steiner, and the February 22, 1994 *nunc pro tunc* entry of Judge Steiner. The referee's report specifies that the purported dismissal was invalid where Prince did not sign or consent to it because of the court's prior entry granting custody *pendente lite* to Prince. However, the custody award under Civ.R. 75(M)(1) was only effective during the "'pendency of the action for divorce,'" which ended upon the parties' dismissal of the action. See *Lilly, supra*, 26 Ohio App.3d at 194, 26 OBR at 414, 499 N.E.2d at 24. The referee's report never indicated that Prince had ever been made a party to the action. In fact, the motion for custody *pendente lite* granted by the domestic relations court was filed by Adam Fogle, and a memorandum in support thereof merely stated that his mother was "willing to take temporary custody of the two minor children until

such time as the court makes a determination as to the suitability of each parent for the custody of the minor children."

{¶ 17} As to Judge Steiner's November 24, 1992 entry, he stated that the attempted dismissal by Mary and Adam Fogle was ineffective, since Prince had been "joined as a party and acquired the status of a third party to the suit pursuant to an entry filed August 4, 1992," *i.e.*, three days prior to the date the notice of dismissal was filed. Nevertheless, the only entry filed by Judge Steiner on August 4, 1992 granted Adam Fogle's motion for continuance of a previously scheduled temporary custody hearing because of the agreement of the parties and Prince's intent to subsequently request to be joined as a party. The entry did not join Prince as a party, and Prince did not file any motion to be joined as a party prior to the August 7, 1992 notice of dismissal.

{¶ 18} Appellees finally rely on Judge Steiner's February 22, 1994 *nunc pro tunc* entry ordering that Prince be named a third-party defendant in the divorce case "effective August 4, 1992." However, this entry was not journalized until well after the court of appeals' *sua sponte* dismissal of appellants' extraordinary writ action. "A reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus; *In re Contested Election of November 2, 1993* (1995), 72 Ohio St.3d 411, 413, 650 N.E.2d 859, 861.

{¶ 19} Therefore, after construing the allegations of appellants' complaint concerning their claims for mandamus and prohibition pertaining to Judge Steiner, Referee Rickrich, and the domestic relations court most strongly in appellants' favor, the court of appeals abused its discretion in *sua sponte* dismissing these claims without notice, since they are neither frivolous nor obviously devoid of merit.

**{¶ 20}** Generally, reversal of a court of appeals' erroneous dismissal of a complaint based upon failure to state a claim upon which relief can be granted requires a remand to that court for further proceedings. *State ex rel. Natl. Emp. Benefit Serv., Inc. v. Cuyahoga Cty. Court of Common Pleas* (1990), 49 Ohio St.3d 49, 50, 550 N.E.2d 941, 943, fn. 1. However, the court's plenary authority in extraordinary actions vests it with discretion to consider an appeal as of right as if it had been originally filed in this court. *State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.* (1990), 55 Ohio St.3d 98, 99, 562 N.E.2d 1383, 1384, citing *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph ten of the syllabus. In that the parties appear to be in agreement about the pertinent facts, *i.e.*, the filings in the domestic relations court, it is appropriate to exercise this authority and address the merits. *Natl. Emp. Benefit Serv., Inc., supra*, 49 Ohio St.3d at 50, 550 N.E.2d at 943, fn. 1.

**{¶ 21}** A court of record speaks only through its journal entries. *In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 173, 23 OBR 336, 338, 492 N.E.2d 146, 148, fn. 3. The filings in the divorce action indicate that Prince was not made a party to the action prior to the August 7, 1992 notice of dismissal signed by Mary and Adam Fogle. Prince did not file any motion to intervene prior to the notice of dismissal and there is no entry filed prior to that date joining her as a third-party defendant. As specified previously, the referee's October 9, 1992 reliance on a prior *pendente lite* custody award and Judge Steiner's November 24, 1992 citation of his previous August 4, 1992 entry granting an agreed motion for continuance were patently erroneous. In fact, the referee's report of May 18, 1993 acknowledged that Prince had not been previously added as a third-party defendant. When the court added her as a party by entry on the same date, the notice of dismissal had already been filed. Moreover, this attempted addition of Prince as a party to the divorce action also followed appellants' action in the court of appeals for writs of mandamus and prohibition against Judge Steiner and Referee Rickrich.

**{¶ 22}** Finally, over one year following the parties' notice of dismissal in the divorce action and while this appeal was pending, Judge Steiner issued his February 22, 1994 *nunc pro tunc* entry purporting to name Prince as a third-party defendant "effective August 4, 1992." In considering this entry pursuant to our plenary authority, see *Natalina Food Co.* and *Natl. Emp. Benefit Serv., Inc., supra*, courts and administrative tribunals possess inherent authority to correct errors in judgment entries so that the record speaks the truth. *In re Estate of Cook* (1969), 19 Ohio St.2d 121, 127, 48 O.O.2d 113, 116, 249 N.E.2d 799, 803; see *Garfield Hts. City School Dist. v. State Bd. of Edn.* (1992), 85 Ohio App.3d 117, 123, 619 N.E.2d 429, 433. However, *nunc pro tunc* entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide. *Webb v. W. Res. Bond & Share Co.* (1926), 115 Ohio St. 247, 256, 153 N.E. 289, 291; see *State v. Gruelich* (1988), 61 Ohio App.3d 22, 25, 572 N.E.2d 132, 134.

**{¶ 23}** When a court enters a *nunc pro tunc* entry backdated to the time the court intended to dismiss an action with prejudice after a Civ.R. 41(A) voluntary dismissal without prejudice had been filed, the *nunc pro tunc* entry is a nullity, having prospective effect only, and the voluntary dismissal terminates the court's jurisdiction. See *Torres v. Sears, Roebuck & Co.* (1980), 68 Ohio App.2d 87, 22 O.O.3d 99, 427 N.E.2d 32; see, generally, McCormac, Ohio Civil Rules Practice (2 Ed.1992) 384, Section 13.32; see, also, *Sutton v. M.A.N.* (Sept. 8, 1993), Hamilton App. No. C-920533, unreported, at fn. 2 ("The trial court's characterization of its order as *nunc pro tunc* is without effect because the trial court was without authority to give its entry retroactive effect after the case had been voluntarily dismissed without prejudice."). In that it is manifest from a review of the pertinent filings and entries in the divorce action that Prince was not joined as a party prior to the dismissal, the belated *nunc pro tunc* entry was ineffective because it did not reflect an actual court decision preceding the August 7, 1992 stipulated dismissal.

{¶ 24} Based on the foregoing, the domestic relations court patently and unambiguously lacked jurisdiction to proceed in the divorce action, and appellants are entitled to writs of mandamus and prohibition vacating all orders entered by the court following the August 7, 1992 notice of dismissal and preventing it from exercising further jurisdiction in the divorce proceeding. *Hunt* and *Rice, supra.*

{¶ 25} Appellants also raised claims in the court of appeals for writs of mandamus and procedendo against Licking County Common Pleas Court, Juvenile Division Judge Mike Radabaugh. These claims were premised on the juvenile court's July 1, 1992 entry vacating its prior allowance of a writ of habeas corpus in favor of Mary Fogle. However, the juvenile court possessed jurisdiction to vacate its prior decision. Appellants do not specifically contend otherwise on appeal.

{¶ 26} The juvenile court vacated its previous order because of the domestic relations court's vacation of its temporary-custody award to Mary Fogle. Any error by the juvenile court in its vacation entry could have been raised on appeal. The availability of an appeal from the juvenile court's July 1, 1992 entry precludes extraordinary relief in mandamus and procedendo. See *State ex rel. Levin v. Sheffield Lake* (1994), 70 Ohio St.3d 104, 109-110, 637 N.E.2d 319, 324. Therefore, the court of appeals did not err in *sua sponte* dismissing appellants' claims as to Judge Radabaugh and the juvenile court, since the claims were obviously without merit. *Edwards, supra.*

{¶ 27} Accordingly, the judgment of the court of appeals dismissing appellants' claims against Judge Steiner, Referee Rickrich, and the Licking County Common Pleas Court, Domestic Relations Division, is reversed, and the requested writs of mandamus and prohibition are granted. Judith Prince therefore has no present legal right to the possession or custody of the Fogle children. The judgment of the court of appeals dismissing the claims against Judge Radabaugh and the Licking County Common Pleas Court, Juvenile Division is affirmed.

*Judgment affirmed in part,*

*reversed in part*
*and writs granted.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., CONCUR.

_____