[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendants-appellants Antonio R. Rivera and National Real Estate Title Agency, Inc. ("National") appeal from the trial court's judgment of August 10, 2000, granting Rivera's former employer, National Equity Title Agency, Inc. ("Netco"), a "Permanent Injunction * * * for a period of six months" based on Rivera's violations of his employment agreement with Netco.
Although it has not been raised by the parties, there is a question as to whether the judgment is a final, appealable order. Though the injunction seems to be appealable under R.C. 2505.02, the record transmitted to this court includes an entry of consolidation dated June 28, 2000 with another case. This court has held that consolidated cases must be treated as one case for the purpose of determining if a trial court's order is appealable.[1] The June 28, 2000, entry consolidated Maria Sagrati's action against Netco in the case numbered A-0002203 with that of Netco's action against Rivera and National in the case numbered A-9906815. The notice of appeal and amended notice filed on August 18 and 23, 2000, respectively, as well as the record[2] transmitted to this court, are for only the case numbered A-9906815. But, in light of the consolidating entry, there are multiple parties who have claims.
An order that adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of Civ.R. 54(B) and R.C. 2505.02 in order to be final and appealable.[3]
Civ.R. 54(B) allows a trial court to issue a partial appealable judgment in action involving multiple claims or multiple parties. But, in order to do so, the trial court is required to expressly determine that "there is no just reason for delay."[4] While Civ.R. 54(B) certification cannot transform a nonfinal order into a final appealable order, it can render appealable a final order entered in a single action involving multiple claims or parties and adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties.[5]
It is fundamental in Ohio jurisprudence that a court of record speaks only through its journal entries.[6] The voluminous record transmitted to this court for the case numbered A-9906815 is silent as to whether Maria Sagrati's case has been resolved in any manner. Absent mention of her case and the mandatory language "there is no just reason for delay" in the August 10, 2000 entry, there is no final, appealable order here.
R.C. 2505.03 confers upon appellate courts jurisdiction over "final orders" pursuant to R.C. 2505.02, which identifies several kinds of final orders, as well as the requirements of a final order. Setting aside the omissions we have already noted, if there had been no consolidation in this case, there would have been a final, appealable order. But, as the record currently before this court does not appropriately address the consolidated party's claims, apart from the issuance of the injunction to Netco, there is no final, appealable order. Having found no final, appealable order, this court hereby dismisses the appeal for lack of jurisdiction.
Painter, P.J., Sundermann and Winkler, JJ.
[1] See Boyce v. Rabiner (July 30, 1999), Hamilton App. No. C-980724, unreported.
[2] Attached as exhibits to Netco's supplemental notice of judicial admission, filed June 30, 2000, in the case numbered A-9906815, are copies of Netco's answer and counterclaims to Sagrati's complaint and Sagrati's response to Netco's counterclaims. A copy of Sagrati's complaint in the case numbered A-0002203 is not included in this action.
[3] See Noble v. Colwell (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus; Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86,88, 541 N.E.2d 64, 67.
[4] See Id. at 89, 541 N.E.2d at 68; Civ.R. 54(B).
[5] See Wisintainer v. Elcen Power Strut Co. (1993), 67 Ohio St.3d 352,354, 617 N.E.2d 1136, 1138 (Douglas and Resnick, JJ., dissenting);McDonald v. Star Bank (Dec. 15, 2000), Hamilton App. No. C-000114, unreported.
[6] See Gaskins v. Shiplevy (1996), 76 Ohio St.3d 380, 382,667 N.E.2d 1194, 1196, citing State ex rel. Fogle v. Steiner (1995),74 Ohio St.3d 158, 163, 656 N.E.2d 1288, 1293.