DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Sandusky County Court of Common Pleas which, following the entry of a guilty plea, sentenced appellant, David R. Bell, to four years of imprisonment. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
 "The Trial Court erred as a Matter of Law and to the prejudice of Appellant when it purportedly imposed a mandatory prison term for Appellant's conviction of an Attempt to Commit Illegal Manufacture of Drugs."
The following facts are relevant to this appeal. Appellant was indicted on November 30, 2000, for possession of drugs in violation of R.C. 2925.11
(Count 1); for the illegal manufacture of drugs in violation of R.C.2925.04(A)(C)(2) (Count 2); and for possession of criminal tools in violation of R.C. 2923.24 (Count 3). On January 20, 2001, appellant entered a plea of guilty to a reduced charge of attempted illegal manufacture of drugs, in violation of R.C. 2925.04(A)(C)(2) and R.C.2923.02, a third degree felony. On February 14, 2001, appellant was sentenced to serve a four year term in prison and his driver's license was suspended for four years. Appellant filed a timely notice of appeal.
In his assignment of error, appellant argues that the trial court erred in imposing a mandatory sentence for appellant's conviction of attempted illegal manufacture of drugs. This court finds no merit in this assignment of error.
Although appellant argues that the trial court imposed a mandatory sentence, a careful review of the trial court's judgment entry demonstrates that the sentence imposed was not a mandatory sentence. It is well established that a court of record speaks only through its journal entries. State ex rel. Fogle v. Steiner (1995), 74 Ohio St.3d 158,163; State ex rel.
 White v. Junkin (1997), 80 Ohio St.3d 335, 337. The trial judge's statement from the bench regarding a mandatory sentence was not incorporated in the trial court's journal entry. Consequently, it has no force as a court of record speaks only through its journal and not by oral pronouncement. Schenley v. Kauth (1953), 160 Ohio St. 109.
Upon review of the trial court's judgment entry of sentence, it is clear that the trial court never "sentenced" appellant to a mandatory sentence of four years. Thus, the trial court did not err in this case because the trial court never imposed a mandatory sentence.
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Sandusky County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., Judge, CONCUR.