{¶ 19} I agree with the majority regarding affirmation of the sentence imposed in this case, and I write to highlight for the trial court the import of our remand.
 {¶ 20} Ordinarily, a court of record speaks only through its journal entries. See State ex rel. Fogle v. Steiner (1995),74 Ohio St.3d 158, 163. However, in my view, the court made a clerical error in journalizing the sentence it imposed in open court. In this regard, Crim.R. 36 provides:
 {¶ 21} "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."
 {¶ 22} Accordingly, on remand, the trial court need only journalize a corrected sentencing entry in accordance with Crim.R. 36 and the opinion of our court in this case. Accord State v. Akers (June 2, 2000), Sandusky App. No. S-99-035 (case remanded to the trial court to correct the clerical error in the judgment entry of the sentence and to make the judgment entry of the sentence conform to the transcript of the sentencing hearing); State v. St. Aubyn Burnett (Sept. 18, 1997), Cuyahoga App. No. 72373, discretionary appeal not allowed (1998),81 Ohio St.3d 1416; State v. Burgermeister (Oct. 25, 1990), Cuyahoga App. No. 57649, at fn. 1, appeal dismissed (1991), 58 Ohio St.3d 707.