JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Kristopher A. Steinke ("Steinke") appeals from the decision of the Cuyahoga County Court of Common Pleas to sentence him to maximum consecutive terms of imprisonment. For the reasons adduced below, we affirm Steinke's sentence, but remand with instructions for correcting the sentencing order.
 {¶ 2} On January 25, 2002, the grand jury returned a four-count indictment against Steinke for the following offenses: possession of drugs; possession of criminal tools; unlawful possession of a dangerous ordnance; and carrying a concealed weapon. The lower court case number for this indictment was CR-418568.
 {¶ 3} On March 11, 2002, the grand jury returned another four-count indictment against Steinke for the following offenses: murder with a one-year and three-year firearm specification; having a weapon while under disability; tampering with evidence; and obstructing justice. The lower court case number for this indictment was CR-420619.
 {¶ 4} On June 17, 2002, Steinke entered into a plea agreement on both cases, but the plea was later vacated. A plea hearing was held by the trial court on August 7, 2002, at which time Steinke again entered into a plea agreement. In CR-418568, Steinke pled guilty to the following charges: possession of drugs in violation of R.C. 2925.11; unlawful possession of a dangerous ordnance in violation of R.C. 2923.14; and carrying a concealed weapon in violation of R.C. 2923.12. In CR-420619, Steinke pled guilty to an amended charge of involuntary manslaughter with a three-year firearm specification in violation of R.C. 2903.04(A), a felony of the first degree. All remaining counts in the two cases were nolled.
 {¶ 5} A sentencing hearing was held on August 20, 2002. Steinke stated that he was drunk or high when he shot the victim, that the victim was like a brother to him, and that he tried to stay with the victim when he died. Steinke also apologized to his family and the victim's family. The trial court also heard statements from Steinke's parents and the victim's parents. In addition, Steinke's attorney and the prosecutor addressed the court.
 {¶ 6} The trial court did not believe that Steinke was remorseful and referenced letters written by Steinke. The letters were addressed to Steinke's incarcerated friends and were signed by him as "Pipe Bomb." In these letters, Steinke used foul language, discussed illegal activity, and provided instructions on how to pretend to be sick in order to get transferred onto the medical floor in county jail. However, with respect to the shooting, Steinke stated that the death of this friend was "the hardest thing I've ever had to deal with."
 {¶ 7} In one of the letters, Steinke indicates that he pulled the gun on his friend in order to scare him because he had the hiccups. Steinke believed the gun was unloaded, but when he pulled the trigger, the gun fired. Steinke drove his friend to the hospital and carried him inside. Steinke claims that when he was questioned by police, he made up a story because he believed his friend "would be OK." Ultimately, his friend died.
 {¶ 8} The initial story Steinke told police was that the victim was shot outside a Dairy Mart store. Steinke also removed evidence, including the gun, from the actual crime scene.
 {¶ 9} At the time of the shooting, Steinke was 19 years old and had never been incarcerated as an adult. However, he was under indictment in case number CR-418568, which included a charge for unlawful possession of dangerous ordnance involving pipe bombs. Steinke also had a history of juvenile and municipal court offenses that included, among others, delinquency, menacing, disorderly conduct, traffic, and drug and alcohol charges.
 {¶ 10} The trial court sentenced Steinke in case number CR-420619 to a $5,000 fine and court costs, the maximum sentence of 10 years on the base charge of involuntary manslaughter, plus 3 years on the firearm specification, totaling 13 years of incarceration. In case number CR-418568, the trial court sentenced Steinke on the two fourth-degree charges, possession of drugs and carrying a concealed weapon, to 17 months in prison, a $250 fine and court costs. On the fifth-degree felony charge, unlawful possession of dangerous ordnance, the court sentenced Steinke to 11 months in prison, a $250 fine, and court costs. However, as discussed later, the court made an apparent clerical or scrivener's error in journalizing the sentence it imposed in open court.
 {¶ 11} The trial court ordered the sentences imposed in the two cases to run consecutively.
 {¶ 12} Steinke has appealed the trial court's sentencing order raising three assignments of error for our review. Assignment of error number 1 states:
 {¶ 13} "The trial court erred in imposing the maximum sentence in case number 420619, the involuntary manslaughter charge."
 {¶ 14} Steinke argues that the trial court erred by imposing the maximum sentence without beginning with the presumption that a minimum sentence should be imposed pursuant to R.C. 2929.14(B). Steinke's argument is without merit.
 {¶ 15} R.C. 2929.14(B) provides in relevant part:
 {¶ 16} "Except as provided in division (C) * * * of this section, * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies: * * * (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 17} The Ohio Supreme Court in State v. Edmonson (1999),86 Ohio St.3d 324, 326, held that while R.C. 2929.14(B) requires the lower court to make its findings on the record, the statute does not require the court to articulate the reasons for its findings. The Court interpreted R.C. 2929.14(B) to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the court must state on the record either or both of the two statutorily sanctioned reasons for exceeding the minimum term that warranted the longer sentence. Id.
 {¶ 18} The record in this case reveals that the trial court complied with the requirements of R.C. 2929.14(B). In accordance withEdmonson, the trial court stated "[w]hen the Court considers the minimum sentence in this case, the Court feels that that would demean the seriousness of the offense that was committed here." Accordingly, we find that the trial court made the necessary findings under R.C. 2929.14(B), which permitted deviating from the imposition of a minimum sentence.[1]
 {¶ 19} Steinke also argues that the trial court erred by imposing the maximum sentence because the record does not support a finding that he committed the worst form of the offense or that he poses the greatest likelihood of committing future crimes. In order for a trial court to impose the maximum sentence, it must make the required findings set forth in R.C. 2929.14(C), which provides in relevant part:
 {¶ 20} "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, [and] upon offenders who pose the greatest likelihood of committing future crimes. * * *"
 {¶ 21} In Edmonson, 86 Ohio St.3d at 329, the Ohio Supreme Court held that in order to lawfully impose a maximum prison sentence, the record must reflect that the trial court found the defendant satisfied at least one of the criteria set forth in R.C. 2929.14(C). It is not necessary for the trial court to use the exact language of R.C. 2929.14(C), as long as it is clear from the record that the court made the required findings. State v. Hollander (2001), 144 Ohio App.3d 565.
 {¶ 22} In addition, R.C. 2929.19(B) requires the trial court "make a finding that gives its reasons for selecting the sentence imposed" and if that sentence is the maximum term allowed for that offense, the judge must set forth "reasons for imposing the maximum prison term." Failure to enumerate the findings behind the sentence constitutes reversible error.Edmonson, 86 Ohio St.3d at 329. In the instant case, the trial judge found that Steinke demonstrated a "great likelihood of committing future crime." In making this finding, the trial judge mentioned that Steinke, who was then only 19 years old, had a myriad of criminal convictions that began when he was a juvenile, was out on bail when the offense occurred, had failed to respond favorably in the past to criminal convictions, and had continued to engage in criminal conduct despite rehabilitation efforts. The trial judge also found that recidivism was likely and that Steinke's actions showed "no remorse." In light of Steinke's criminal history and inability to be rehabilitated, the trial court properly found that he was a likely recidivist. Such a finding justifies the imposition of a maximum sentence.
 {¶ 23} Although not required, the trial judge also found that Steinke committed the worst form of the offense. To determine whether an offender committed the worst form of an offense, a trial court should consider the totality of the circumstances. State v. Garrard (1997),124 Ohio App.3d 718. In finding that Steinke committed the worst form of the offense, the court found that "the injury to the victim was worsened by the physical or mental condition or age of the victim; the Court finds that this occurred because [the victim] allegedly was supposed to be his friend; that the victim suffered serious physical, psychological harm as a result of the offense, and that the relationship with the victim facilitated the offense." The court also referred to the letters signed by Steinke as "Pipe Bomb" which the court interpreted as indicating he was not remorseful for his conduct.
 {¶ 24} After considering the totality of the circumstances, this court cannot say the trial court erred by imposing the maximum sentence. Steinke's first assignment of error is overruled.
 {¶ 25} Assignment of error number 2 states:
 {¶ 26} "The trial court erred in ordering the sentences on appellant's offenses to run consecutive."
 {¶ 27} R.C. 2929.14(E)(4) provides that a trial court may impose consecutive sentences only when it concludes that the sentence is "(1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: a) the crimes were committed while awaiting trial or sentencing, under sanction, or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. State v. Stadmire, Cuyahoga App. No. 81188, 2003-Ohio-873.
 {¶ 28} In addition, R.C. 2929.19(B)(2) provides that "a court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 29} Thus, a trial court is required to make at least three findings under R.C. 2929.14(E)(4) prior to sentencing an offender to consecutive sentences and must give the reasons for its findings pursuant to R.C. 2929.19(B)(2)(c). Stadmire, supra. Failure to sufficiently state these reasons on the record constitutes reversible error. Id.
 {¶ 30} In determining that the sentence imposed in case number CR-420619 was to run consecutive to the sentence imposed in case number CR-418568, the court stated the following:
 {¶ 31} "They'll be consecutive. And the Court makes the following finding with reference to making them consecutive: the Court does find that the offender committed multiple offenses while the offender was awaiting trial, and the harm caused by multiple offenses were so great or unusual that no single prison term for any part of this criminal course of conduct adequately reflects the seriousness of the offender's conduct, and the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." While the trial court did not expressly find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, we have previously recognized that R.C. 2929.14(E)(4) is satisfied when we can glean from the tenor of the trial court's comments, its findings, and the evidence that imposition of consecutive sentences is justified. SeeState v. Robinson, Cuyahoga App. No. 81610, 2003-Ohio-1353; State of Ohiov. Steven House, Cuyahoga App. No. 80939, 2002-Ohio-7227; State v.Franklin (May 10, 2001), Cuyahoga App. No. 77385.
 {¶ 32} During the sentencing hearing, the trial court discussed Steinke's extensive prior criminal history, his failure to respond favorably in the past to sanctions imposed for his criminal convictions, his lack of remorse, and his continued disregard for the criminal system. The court also addressed the letters written by Steinke from prison and found that he showed no signs of rehabilitation and exhibited thinking patterns of somebody who is criminally psychotic. Upon our review of the record, we conclude that the tenor of the trial court's comments, its findings, and the evidence were sufficient to impose consecutive sentences.
 {¶ 33} We also find that the trial court sufficiently set forth the reasons for its findings pursuant to R.C. 2929.19(B)(2)(c). As we stated in State v. Webb, Cuyahoga App. No. 80206, 2003-Ohio-1718: "Although the court did not specifically state the findings first and then relate its reasons to the findings, there is no obligation to do so in the sentencing statutes. The sentencing statutes do not put an obligation upon the lower court to provide the statutory findings and its reasons in such close proximity on the record in order for the reasons to be of effect."
 {¶ 34} In this case, the trial court detailed its reasoning throughout the sentencing hearing for its imposition of the maximum and consecutive sentences issued. We find that the trial court complied with the sentencing statutes and did not err in imposing the sentences in the two cases to run consecutively.
 {¶ 35} Appellant's second assignment of error is overruled.
 {¶ 36} Assignment of error number 3 states:
 {¶ 37} "The trial court abused its discretion by imposing a disproportionate, illegal and otherwise unjust sentence. As such, the sentence is contrary to law."
 {¶ 38} In this assignment of error, Steinke again argues that the record in this case is incomplete with respect to the requisite findings of fact necessary to justify the imposition of more than the minimum sentence on all charges as well as consecutive sentences. Having already addressed the findings of the court in this regard above, we need not consider them again here. However, we shall address a plain error in the record which was not raised by the parties.
 {¶ 39} The record reflects that the sentence imposed by the court in its journal entry for case number CR-418568 is not the same as the sentence imposed upon Steinke at the oral hearing. This is apparently due to a clerical or scrivener's error.
 {¶ 40} The transcript shows the trial court sentenced Steinke as follows:
 {¶ 41} "On Case No. 418568, on the two felony fours [possession of drugs and carrying a concealed weapon, counts 1 and 4], the sentence of the Court will be [$]250 and costs, 17 months at the Lorain Correctional Institute.
 {¶ 42} "On the Felony 5 [unlawful possession of dangerous ordnance, count 3], the sentence of the Court is [$]250 and costs, 11 months."
 {¶ 43} Because the court did not state that the sentences within case number CR-418568 were to run consecutively in accordance with R.C.2929.14(E), these sentences are deemed to run concurrently. Indeed, the statutory scheme assumes that sentences imposed will be concurrent unless the court determines that consecutive sentences should be imposed under R.C. 2929.14(E). State v. Hutchins, Cuyahoga App. Nos. 81578 
81579, 2003-Ohio-1956.
 {¶ 44} The journal entry provided a prison term of "17 months on count 1 and 11 months on each of counts 3 and 4; counts 3 and 4 to run concurrent to each other and consecutive to count 1 and consecutive to CR 420619." Thus, while the sentence imposed in open court paired counts 1 and 4 together with all sentences, by inference, running concurrent to each other, the journal entry paired counts 3 and 4 together and indicated that those sentences were to run concurrent to each other and consecutive to count 1. Further, the entry required Steinke "to pay court costs and a fine of $250.00 on each count."
 {¶ 45} We recognize that ordinarily a court of record speaks only through its journal entries. Gaskins v. Shiplevy (1996), 76 Ohio St.3d 380,382, citing State ex rel. Fogle v. Steiner (1995), 74 Ohio St.3d 158,163. However, in this case the court made an apparent clerical or scrivener's error in journalizing the sentence it imposed in open court. In this regard, Crim.R. 36 provides:
 {¶ 46} "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."
 {¶ 47} Since the court may correct clerical errors at any time, this case will be remanded to the trial court to correct the error in the judgment entry of the sentence and to make the judgment entry of the sentence conform to the transcript of the sentencing hearing. Accord,State v. Akers (June 2, 2000), Sandusky App. No. S-99-035; State v. St.Aubyn Burnett (Sept. 18, 1997), Cuyahoga App. No. 72373.
 {¶ 48} Based on the foregoing analysis, while we affirm the trial court as to its imposition of sentence as reflected in the trial transcript, we remand with instructions for the court to correct the clerical error to make the judgment entry of the sentence conform to the transcript of the sentencing hearing in case number CR-418568.
Judgment affirmed, case remanded.
Judgment affirmed, cause remanded for proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant and appellee equally share costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for execution of sentence and for proceedings consistent with the opinion herein.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and JAMES J. SWEENEY, J., concur.
[1] We also acknowledge that this court has rather consistently held that a sentencing court which imposes the maximum sentence pursuant to R.C. 2929.14(C) does not need to first consider the minimum sentence under R.C. 2929.19(B). See State v. Johnson, Cuyahoga App. No. 80533, 2002-Ohio-5960; State v. Prettyman, Cuyahoga App. No. 79291, 2002-Ohio-1096; State v. Berry (June 14, 2001), Cuyahoga App. No. 78187;State v. Gladden, Cuyahoga App. No. 76908, 2001-Ohio-4129; State v.Sherman (May 20, 1999), Cuyahoga App. No. 74297.