[Cite as *State v. Edding*, 2021-Ohio-3477.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- v -

LAMAR B. EDDING,

      Defendant-Appellant.

CASE NOS.  **2021-P-0009**
            **2021-P-0010**

Criminal Appeals from the
Court of Common Pleas

Trial Court Nos. 2020 CR 00085
             2020 CR 00207

## O P I N I O N

Decided: September 30, 2021
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*James P. Gilbride*, 100 North Avenue, Suite 103, No. 200, Tallmadge, OH 44278 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1}    Appellant, Lamar Edding, appeals his sentence after pleas of guilty, to one count of aggravated trafficking in drugs and one count of aggravated possession of drugs. At issue is the imposition of consecutive sentences of imprisonment on Appellant.

{¶2}    Appellant asserts two assignments of error. First, Appellant contends the sentencing court committed prejudicial error when it failed to incorporate all of its consecutive sentencing findings into the court's sentencing entry.

{¶3} Appellant further contends the sentencing court committed prejudicial error when it ordered Appellant to serve consecutive sentences because the record clearly and convincingly does not support the trial court's consecutive sentence findings.

{¶4} For the reasons that follow, we affirm the judgment of the Portage County Court of Common Pleas.

{¶5} On January 1, 2020, police officers were dispatched to a Days Inn hotel for a fire alarm concern. The hotel clerk notified the officers that they were not able to make contact with the occupants of one hotel room. After arriving to the room, the officers grew suspicious upon meeting the occupants. Shortly thereafter, the officers found Appellant walking out of the bathroom. The officers entered the bathroom and found on a table in plain sight: several baggies of methamphetamine, several digital scales, a glass smoking device, and a large amount of cash. Appellant admitted to the police to owning all the materials found on the table and the police arrested him. Appellant was then indicted for aggravated trafficking in drugs in violation of R.C. 2925.03(C)(1)(a), a fourth-degree felony.

{¶6} While in county jail after his indictment for aggravated trafficking in drugs, Appellant was found with prescription drugs not belonging to him. Appellant was then indicted for aggravated possession of drugs in violation of R.C. 2925.11(C)(1)(a).

{¶7} On August 19, 2020, the Portage County Court of Common Pleas held a plea hearing on both charges. Appellant entered a guilty plea to one count of aggravated trafficking in drugs, a fourth-degree felony in violation of R.C. 2925.03(C)(1)(a), and one count of aggravated possession of drugs, a fifth-degree felony in violation of R.C. 2925.11(C)(1)(a). Thereafter, the matter was set for sentencing.

2

{¶8}   At the sentencing hearing, the sentencing court held Appellant was not amenable to community control and sentenced Appellant to serve 18 months in prison for the fourth-degree felony, and 6 months in prison for the fifth-degree felony. The court ordered the sentences to be served consecutively and stated at the sentencing hearing all of the findings R.C. 2929.14(C)(4) requires:

> "I am specifically finding that consecutive sentences are necessary to protect the public from future crimes and to punish you. Consecutive sentences are not disproportionate to the seriousness of your conduct and to the danger posed to the public. One or more of these offenses were committed while you were on bond from other counties or on supervision or on PRC. Two or more of the offenses are a part of a course of conduct and the harm caused is so great or unusual that a single prison term would not adequately reflect the seriousness and your criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by you." Transcript of Sentencing Hearing, March 12 2021, Case No's. 2020 CR 0085, 2020 CR 0207. Page 7.

{¶9}   Even though all findings under R.C. 2929.14(C)(4) for consecutive sentencing were made at the sentencing hearing, the sentencing entry did not incorporate the findings that: 1. Appellant's offenses were committed while on bond, PRC, or under court supervision; and 2. two or more of Appellant's offenses were part of a course of conduct and the harm caused was so great or unusual that a single prison term would not adequately reflect the seriousness of his conduct.[1]

{¶10}   The first assignment of error states:

{¶11}   "[1.]  The trial court committed prejudicial error when it failed to incorporate all of its consecutive sentencing findings into the court's sentencing entry."

---

[1] It is important to note the findings the trial court did not incorporate are statutorily permissive in R.C. 2929.14(C)(4) because the trial court made a finding in the entry according to R.C. 2929.14(C)(4)(c).

3

{¶12} There are two ways an appellant can challenge consecutive sentences on appeal. *State v. Lewis*, 11th Dist. Lake No. 2001-L-060, 2002-Ohio-3373, ¶ 6. First, the appellant may argue that the sentencing court failed to state the findings for consecutive sentences R.C. 2929.14(C)(4) requires. *State v. Torres*, 11th Dist. Lake No. 201-L-122, 2003-Ohio-1878, ¶18; R.C. 2953.08(G)(1). Second, the appellant may argue that the record clearly and convincingly does not support the findings the sentencing court made to justify consecutive sentences. *State v. Lewis*, at ¶ 7; R.C. 2953.08(G)(2)(a).

{¶13} Here, Appellant makes both arguments. We will first address whether the trial court erred by failing to incorporate findings under R.C. 2929.14(C)(4)(a) and 2929.14(C)(4)(b) into the sentencing entry.

{¶14} When ordering consecutive sentences for multiple offenses, R.C. 2929.14(C)(4) requires a sentencing court to make three statutory findings:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

Case Nos. 2021-P-0009, 2021-P-0010

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a-c).

{¶15} The sentencing court is required to make the required statutory findings "both at the sentencing hearing and in the sentencing entry." *State v. Beasley*, 2018-Ohio-493, 153 Ohio St. 3d 497, 108 N.E.3d 1028, at ¶ 253. When there is a discrepancy between the sentencing hearing and the sentencing entry, a nunc pro tunc order may be necessary to reflect what the sentencing court actually decided. *Id.* at ¶ 255, ¶ 261, citing *State ex rel. Fogle v. Steiner*, 74 Ohio St. 3d 158, 164, 656 N.E. 2d 1288 (1995); *State v. Bonnell*, 2014-Ohio-3177, 140 Ohio St. 3d 209, 16 N.E.3d 659, at ¶ 30. But a nunc pro tunc order is only necessary when the sentencing entry omits a required finding that was made at the sentencing hearing. *Beasley*, at ¶ 256.

{¶16} Here, appellant asserts the sentencing court erred to his prejudice by not reciting every finding it made in the sentencing entry. Yet, the sentencing entry did recite sufficient findings to satisfy the requirements of R.C. 2929.14(C)(4). The sentencing entry states that consecutive sentencing is "necessary to protect the public from future crime or to punish the Defendant; consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public; Also, the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public." R.C. 2929.14(C)(4) only requires the court to find that consecutive sentencing is necessary to protect the public from future crime or to punish the Defendant, that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct, and to the danger the Defendant poses to

5

the public and one finding under R.C. 2929.24(C)(4)(a)-(c).[2]  R.C. 2929.24(C)(4). The court also made, and included in the sentencing entry, the third required finding under R.C. 2929.14(C)(4)(c), stating that Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public.  Thus, the trial court made all statutorily required findings in accordance with R.C. 2929.14(C)(4).  Because the trial court made all the required findings at the sentencing hearing and on the entry, it is not prejudicial error for the court to not have incorporated the findings under R.C. 2929.14(C)(4)(a) and R.C. 2929.14(C)(4)(b), and a nunc pro tunc order is not necessary. Therefore, the findings are sufficient to affirm consecutive sentences.

{¶17}  Appellant's first assignment of error is without merit.

{¶18}  The second assignment of error states:

{¶19}  [2.]  The trial court committed prejudicial error when it ordered Edding to serve consecutive sentences because the record clearly and convincingly does not support the trial court's consecutive sentence findings."

{¶20}  In making its findings for consecutive sentences, the sentencing court is required to engage in the analysis for consecutive sentencing and specify the statutory criteria warranting its decision.  *Bonnell*, at ¶ 26. While the sentencing court is not required to state exact reasons supporting its findings, the record must contain a clear basis upon which a reviewing court can determine that the sentencing court's findings for imposing consecutive sentences are supported by the record.  *Id.* at ¶ 27, ¶ 28.

{¶21}  On appeal, the appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the

---

[2] See R.C. 2929.14(C)(4) stating the court must "find *any* of the following" (a)-(c). (Emphasis added).

Case Nos. 2021-P-0009, 2021-P-0010

matter to the sentencing court for resentencing if it clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14; 2953.08(G)(2)(a).

{¶22} Appellant first argues that consecutive sentences are not necessary to protect the public from future crimes because his crimes are "non-violent." The underlying premise of Appellant's argument seems to be that the public needs to be protected against only "violent" crimes. We reject that. It disregards how dangerous "non-violent" crimes can be. It ignores, for example, the ineffable misery that drug trafficking inflicts on individuals, families, and communities across Ohio. While what kind or how much protection from future crimes is necessary in a given case may be informed by the nature of the crime, Ohio law vests sentencing courts with broad discretion to make those judgments.

{¶23} Appellant next argues that consecutive sentencing is disproportionate to the seriousness of his conduct and to the danger Appellant poses to the public. We cannot so find clearly and convincingly on this record. Drug trafficking remains one of the great scourges of our time. Appellant's continued behavior contrary to law poses great danger to all elements of society.

{¶24} Lastly, Appellant argues his criminal history does not demonstrate that consecutive sentences are necessary to protect the public from future crimes. The record reflects Appellant's past convictions of nine felonies and several misdemeanors. The record also shows Appellant's history of aggravated trafficking in drugs. Neither his prior convictions nor past community control sanctions have dissuaded him from that behavior. We cannot clearly and convincingly find that the record does not support the sentencing

7

court's findings that consecutive sentences were necessary to protect the public from Appellant's future crimes.

{¶25} Appellant's second assignment of error is without merit.

{¶26} Even though the sentencing court did not incorporate every finding it made at the sentencing hearing into the sentencing entry, all required findings were present in both the sentencing hearing and the sentencing entry. Thus, there is no merit to Appellant's first assignment of error. This court is also unable to find clearly and convincingly that the record does not support the sentencing court's findings for consecutive sentences. Thus, there is no merit to Appellant's second assignment of error.

{¶27} Accordingly, the judgment of the Portage County Court of Common Pleas is affirmed.


MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

Case Nos. 2021-P-0009, 2021-P-0010