[Cite as *Renfro v. Grace Property Serv., Pines Condo Assn.*, 2024-Ohio-3002.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| LAURA RENFRO | Case No. 2024-00559PQ |
| Requester | Special Master Todd Marti |
| v. | <u>RECOMMENDATION FOR DISMISSAL</u> |
| GRACE PROPERTY SERVICE: PINES CONDO ASSOC | |
| Respondent | |

**{¶1}** This matter is before the Special Master following a R.C. 2743.75(D) review of the complaint. Based on that review, I recommend that this case be dismissed.

## I.    Background.

**{¶2}** Requester Laura Renfro owns property within The Pines Condominium in Portage County. In April 2024, she requested records from respondent Grace Property Services ("Grace"), a private, for-profit LLC that apparently managed The Pines. *Complaint*, filed July 3, 2024; *General Warranty Deed*, Filed March 2, 2022, as file No. 202203819 of the Portage County Recorder; *Amendment to the Declaration of Condominium Ownership*, filed October 5, 2005, as file No. 200526492 of the Portage County Recorder: *Articles of Organization for a Domestic Limited Liability Company*, filed October 16, 2012 as Document 201228901448 of the Ohio Secretary of State. The special master takes judicial notice of those public records, all of which are available through the internet. *State v. Perry*, 2015-Ohio-1221, ¶ 21, fn. 5 (11th Dist.).[1]

**{¶3}** Ms. Renfro alleges that Grace had not provided the records by the time this case was filed. She brought this case to enforce her request.

---

[1] See Portage County Recorder, *Indexed Records*, https://cotthosting.com/ohportageExternal/LandRecords/protected/SrchQuickName.aspx and Ohio Secretary of State, *Business Search*, https://businesssearch.ohiosos.gov/ ,  both accessed July 9, 2024.

**II.   Analysis**.

{¶4} R.C. 2743.75(D)(2) requires the special master to examine complaints and authorizes him to recommend dismissal in appropriate cases. Dismissal is appropriate if a complaint fails to state a claim. *Jones v. Allen Cty. Common Pleas Court,* 2023-Ohio-1863, ¶ 4, adopted, 2023-Ohio-2324 (Ct. of Cl). See also *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 161 (1995) ("sua sponte dismissal without notice is appropriate where *** the claimant obviously cannot prevail on the facts alleged in the complaint").  Ms. Renfro's complaint fails to state a claim because it does not seek public records.

{¶5} This case is brought pursuant to R.C. 2743.75. A party suing under that statute must plead that she has been denied access to public records. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 33. A case brought under R.C. 2743.75 therefore fails as a matter of law if it does not involve public records.

{¶6} R.C 149.43(A)(1) defines a public record as a "record kept by a public office." R.C. 149.011(A) in turn defines a public office as "any state agency, public institution, political subdivision, or other organized body, office, agency, institution, or entity established by the laws of this state for the exercise of any function of government."

{¶7} The records Ms. Renfro seeks are kept by Grace, a private for-profit entity, on behalf of The Pines, another private entity. Neither are public offices because neither is a "state agency, public institution, political subdivision" or other type of "entity established . . .  for the exercise of any function of government."   The records sought consequently are not public records, so Ms. Renfro's complaint fails to state a claim under R.C. 2743.75.

{¶8} I therefore recommend that the court dismiss the complaint pursuant to R.C. 2743.75(D)(2).

TODD MARTI
Special Master

Filed July 10, 2024
Sent to S.C. Reporter 8/8/24