DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Hocking County Common Pleas Court judgment of conviction and sentence. The jury found Jeffrey A. Hitchcock, defendant below and appellant herein, guilty of two counts of fifth degree felony interference with custody, in violation of R.C.2919.23(A)(1), and one count of first degree misdemeanor interference with custody, in violation of R.C. 2919.23(A)(1).
 {¶ 2} Appellant raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
"The trial court erred as a matter of law in sentencing the defendant-appellant to consecutive maximum sentences."
SECOND ASSIGNMENT OF ERROR:
"The trial court erred as a matter of law by sentencing the defendant-appellant to a one year sentence for a first degree misdemeanor."
 {¶ 3} On May 21, 2002, the trial court sentenced appellant to serve consecutive one year terms of imprisonment on each of the three counts of interference with custody, including the first degree misdemeanor count.
 {¶ 4} Appellant filed a timely notice of appeal.
 I {¶ 5} In his first assignment of error, appellant asserts that the trial court erred by imposing the maximum sentence. Appellant claims that the trial court failed to give specific findings in support of its decision to impose the maximum sentence, as R.C. 2929.19(B)(2)(d) requires.[2]
 {¶ 6} We initially note that when an appellate court reviews a trial court's sentencing decision, the reviewing court may not modify or vacate the sentence unless the court "clearly and convincingly" finds that: (1) the sentence is not supported by the record; (2) the trial court imposed a prison term without following the appropriate statutory procedures; or (3) the sentence imposed was contrary to law. See R.C.2953.08(G)(1); State v. McCain, Pickaway App. No. 01CA 22,2002-Ohio-5342.
 {¶ 7} R.C. 2929.14(C)[3] prohibits a trial court from imposing the maximum term of imprisonment for an offense unless the trial court determines that the offender falls into one of four classifications. SeeState v. Garrie, Washington App. No. 01CA21, 2002-Ohio-5788; State v.Riggs (Sept. 13, 1999), Washington App. No. 98CA39; State v. Holsinger
(Nov. 20, 1998), Pike App. No. 97CA605. Maximum sentences are reserved for those offenders who: (1) have committed the worst forms of the offense; (2) pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders. R.C. 2929.14(C). See Garrie.
 {¶ 8} When a trial court imposes the maximum sentence, R.C.2929.19(B)(2)(d)[4] requires the court to "`make a finding that gives its reasons for selecting the sentence imposed'" and must set forth its "`reasons for imposing the maximum prison term.'" State v. Edmonson
(1999), 86 Ohio St.3d 324, 328, 715 N.E.2d 131. A trial court need not record its factual findings in the judgment entry if the court relates its factual findings orally at the sentencing hearing. See State v.Seitz (2001), 141 Ohio App.3d 347, 348, 750 N.E.2d 1228; State v. Martin
(1999), 136 Ohio App.3d 355, 362, 736 N.E.2d 907; State v. Finch (1998),131 Ohio App.3d 571, 573, 723 N.E.2d 147.
 {¶ 9} In the case at bar, we believe that the trial court engaged in the proper statutory analysis prior to imposing the maximum sentence. Thus, we disagree with appellant that the trial court failed to provide sufficient reasons for imposing the maximum sentences. At the sentencing hearing, the trial court set forth its reasons for imposing the maximum prison term. The trial court noted that appellant had been involved in several prior criminal acts, including: (1) juvenile theft of a motor vehicle; (2) gross sexual imposition; (3) carrying a concealed weapon; (4) disorderly conduct; (5) breaking and entering; (6) grand theft; (7) arson; (8) grand theft; and (9) intimidation of a witness. The trial court further observed that appellant, who at the time of sentencing was twenty-seven years old, had spent a large part of his adult life in prison. The trial court thus concluded that the likelihood of recidivism is "very likely." The trial court also found that appellant is "very dangerous, that he will take firearms, take young girls, travel across the country." In view of the trial court analysis, we believe that the record supports the trial court's finding that appellant poses the greatest likelihood of committing future offenses, see R.C. 2929.14(C), and, thus, supports the trial court's decision to impose the maximum sentence.
 {¶ 10} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II {¶ 11} In his second assignment of error, appellant argues that the trial court erred by sentencing him to a one year period of imprisonment for a first degree misdemeanor. The state agrees with appellant that the trial court erroneously sentenced appellant to a one year term of imprisonment for the first degree misdemeanor.[5]
 {¶ 12} We agree with both appellant and appellee that a one year term of imprisonment for a first degree misdemeanor is improper. We conclude, however, that the trial court corrected its error by entering a nunc pro tunc sentencing entry.
 {¶ 13} "[N]unc pro tunc entries `are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide.' State ex rel.Fogle v. Steiner (1995), 74 Ohio St.3d 158, 164, 656 N.E.2d 1288." Stateex rel. Mayer v. Henson (2002), 97 Ohio St.3d 276, 279, 779 N.E.2d 223.
 {¶ 14} In the instant case, our review of the sentencing hearing transcript and the trial court's May 21, 2002 sentencing entry reveals that the trial court intended to sentence appellant to one year terms of imprisonment for each of the felony interference with custody offenses and not for the misdemeanor interference with custody offense. At the sentencing hearing, the trial court referred to the "two offenses" and considered the felony sentencing guidelines. In the caption of the trial court's May 21, 2002 sentencing entry, the trial court wrote, "2-5th Degree Felonies-Prison." The trial court's May 21, 2002 simply was not specific as to which offenses it was sentencing appellant. The subsequent nunc pro tunc entry specified for which offenses the trial court sentenced appellant. The subsequent entry did not, however, change what the trial court actually decided and thus, is not an improper use of nunc pro tunc authority.
 {¶ 15} Because the trial court has, through its nunc pro tunc entry, previously corrected the error of which appellant's complains in his second assignment of error, we overrule appellant's second assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Evans, P.J. Kline, J.: Concur in Judgment Opinion
[2] Although a reading of appellant's first assignment of error suggests that appellant is challenging the trial court's decision to impose consecutive sentences and the maximum sentence, appellant's argument under his first assignment of error does not include any reference to the trial court's decision to impose consecutive sentences. Instead, appellant's argument focuses on the trial court's decision to impose the maximum sentence. Because appellant has not specifically argued that the trial court erred by imposing consecutive sentences, we will limit our review of appellant's first assignment of error to whether the trial court properly imposed the maximum sentence.
[3] R.C. 2929.14(C) provides as follows:
Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
[4] R.C. 292.19(B)(2) provides as follows:
The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * *
(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reason for imposing the maximum prison term.
[5] The maximum penalty for a first degree misdemeanor is six months imprisonment. See R.C. 2929.21(B)(1).