[Cite as *State v. Gilbert*, 2012-Ohio-1497.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    11 JE 21 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| TYRELLE GILBERT, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:       Criminal Appeal from Common Pleas
                                Court, Case No. 98CR168.

JUDGMENT:                       Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellee:          Attorney Jane Hanlin
                                 Prosecuting Attorney
                                 16001 State Route Seven
                                 Steubenville, Ohio  43952

For Defendant-Appellant:         Mr. Tyrelle Gilbert, *Pro se*
                                 #368-804
                                 Belmont Correctional Institution
                                 P.O. Box 540
                                 St. Clairsville, Ohio  43950

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  March 30, 2012

VUKOVICH, J.

{¶1}   Defendant-appellant Tyrelle Gilbert appeals the decision of the Jefferson County Common Pleas Court denying his Motion for a De Novo Sentencing Hearing. Gilbert asserts that the trial court should have granted his request because the original sentencing entry in his criminal case did not contain a postrelease control sentence. The state asserts that the trial court's decision is correct because the trial court included a sentence for postrelease control in its sentencing judgment entry.

{¶2}   For the reasons expressed below, the judgment of the trial court is hereby reversed and the case is remanded for a resentencing hearing solely on postrelease control.

<u>STATEMENT OF THE CASE</u>

{¶3}   In March of 1999, a jury found Gilbert guilty of Possession of Drugs (in excess of one gram cocaine), a violation of R.C. 2925.11(A), fourth-degree felony; Possession of Drugs (marijuana), a violation of R.C. 2925.22(A), a minor misdemeanor; Felonious Assault with a three year brandishing specification and a five year "drive-by" specification, a violation of R.C. 2903.11(A)(2), a second-degree felony; Improperly Handling Firearms in a Motor Vehicle, a violation of R.C. 2923.16(A), a minor misdemeanor; Felonious Assault with a three year brandishing specification, a violation of R.C. 2903.11(A)(2), a second-degree felony, and; Improperly Discharging a Firearm at or into a Habitation or School, a violation of R.C. 2923.161(A), a second-degree felony.   Gilbert was sentenced to an aggregate sentence of eighteen years six months.  Eleven of the years resulted from the firearm specifications and, as such, were mandatory.  The original sentencing entry dated March 12, 1999, did not contain a postrelease control sentence or advisement.

{¶4}   In a letter dated January 15, 2008, the Ohio Department of Rehabilitation and Corrections advised the sentencing judge and the prosecutor that the sentencing judgment entry did not contain a sentence for postrelease control.  On January 29, 2008, the trial court issued a nunc pro tunc judgment entry that was similar in all respects with the March 12, 1999 judgment entry, but it added the following paragraph:

{¶5}   *"On March 10, 1999 Defendant was informed by the Court in open Court at his sentencing hearing that he is subject to Post Release Control for a period of five (5) years beginning upon his release from prison all of which is*

*MANDATORY pursuant to Ohio Revised Code § 2967.28(B)."* 01/29/08 J.E. (Emphasis sic.)

{¶6} There were instructions to send copies of this judgment entry to Gilbert.

{¶7} On May 16, 2011, Gilbert filed a Motion for Sentencing Hearing De Novo arguing that he was entitled to a sentencing hearing since the March 12, 1999 judgment entry did not contain a postrelease control sentence or advisement. The trial court denied the motion without holding a hearing. 06/23/11 J.E.

ASSIGNMENT OF ERROR

{¶8} "THE TRIAL COURT COMMITTED ERROR WHEN IT DENIED, WITHOUT A HEARING, TYRELLE GILBERT'S MOTION FOR *DE NOVO* SENTENCING, VIOLATING TYRELLE GILBERT'S, RIGHT TO DUE PROCESS PROTECTED BY BOTH THE OHIO AND UNITED STATES CONSTITUTIONS."

{¶9} The state's brief does not acknowledge that the January 29, 2008 judgment entry is a nunc pro tunc order and that the original judgment entry dated March 12, 1999 does not contain a sentence for postrelease control. Likewise, Gilbert, in his *pro se* brief, does not acknowledge that the trial court issued the January 29, 2008 nunc pro tunc entry that contained a postrelease control sentence. As such, Gilbert does not discuss the effect of the nunc pro tunc entry, i.e. whether it is valid absent a new sentencing hearing prior to issuing that judgment.

{¶10} The issue before this court is whether Gilbert was entitled to a new sentencing hearing. The answer to that question depends on whether the January 29, 2008 nunc pro tunc entry is valid.

{¶11} The Ohio Supreme Court in 2004 released an opinion on postrelease control and the effect of the trial court failing to advise the offender at the sentencing hearing about postrelease control. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864. The syllabus in *Jordan* provides:

{¶12} "1. When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence.

{¶13} "2. When a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and

(d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." *Id.*

**{¶14}** In that case, the Ohio Supreme Court explained that the failure to advise the offender on postrelease control creates a void sentence that requires resentencing:

**{¶15}** "Because a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law. As a general rule, if an appellate court determines that a sentence is clearly and convincingly contrary to law, it may remand for resentencing. See R.C. 2953.08(G)(2). Furthermore, where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is, likewise, to resentence the defendant." *Id.* at ¶ 23.

**{¶16}** In response to case law indicating that the sentence was void and resentencing was required, the Ohio General Assembly passed H.B. 137, R.C. 2929.191. That statute was enacted in July 2006 and it created a statutory remedy to correct the failure to impose postrelease control:

**{¶17}** "Effective July 11, 2006, R.C. 2929.191 establishes a procedure to remedy a sentence that fails to properly impose a term of postrelease control. It applies to offenders who have not yet been released from prison and who fall into at least one of three categories: those who did not receive notice at the sentencing hearing that they would be subject to postrelease control, those who did not receive notice that the parole board could impose a prison term for a violation of postrelease control, or those who did not have both of these statutorily mandated notices incorporated into their sentencing entries. R.C. 2929.191(A) and (B). For those offenders, R.C. 2929.191 provides that trial courts may, after conducting a hearing with notice to the offender, the prosecuting attorney, and the Department of Rehabilitation and Correction, correct an original judgment of conviction by placing on the journal of the court a nunc pro tunc entry that includes a statement that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed if the offender violates postrelease control." *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 23.

**{¶18}** R.C. 2929.191 was to have retrospective application. However, in 2009, the Ohio Supreme Court determined that the statute could only have prospective application. *Id.* at ¶ 25-26. The Court explained that it could not retrospectively apply because there is no existing judgment for a sentencing court to correct. *Id.* "H.B. 137 cannot retrospectively alter the character of sentencing entries issued prior to its effective date that were nullities at their inception, in order to render them valid judgments subject to correction." *Id.* at ¶ 26. Therefore, the Court held that sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, are void and a resentencing hearing is required to properly sentence an offender to postrelease control. *Id.*

**{¶19}** Approximately a year after *Singleton*, the Ohio Supreme Court once again revisited its prior case law on postrelease control and what was required upon resentencing an offender who was initially improperly sentenced or not sentenced to postrelease control. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. In *Fischer*, the Court indicated that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." *Id.* at ¶ 26. (Emphasis sic.) Thus, the entire sentence is not deemed void. Likewise, the Court also stated that the new sentencing hearing "is limited to proper imposition of postrelease control." *Id.* at ¶ 29.

**{¶20}** Here, the trial court's original 1999 sentencing judgment entry does not state that there is a sentence for postrelease control. The January 2008 nunc pro tunc judgment entry indicates that there is a mandatory five year sentence for postrelease control following Gilbert's release from prison. That judgment indicates that the court advised Gilbert of that sentence at the March 1999 sentencing hearing.

**{¶21}** The trial court's 2008 nunc pro tunc entry may have been done by the trial court based on R.C. 2929.191 and the statute's indication that it was retrospective in application. However, as explained above, in 2009 the Ohio Supreme Court held that R.C. 2929.191 cannot be applied retrospectively. Therefore, any deficiency in the postrelease control sentence renders the 1999 sentencing order void as to postrelease control and requires a resentencing hearing to properly sentence Gilbert to postrelease control. *Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, at ¶ 26. However, that hearing is limited to resentencing only on postrelease control. *Fischer* at ¶ 26.

**{¶22}** The state appears to assert that there was not a deficiency in the postrelease control sentence because the nunc pro tunc order makes it clear that at the March 1999 sentencing hearing the trial court advised Gilbert of postrelease control. This is an implicit argument that the situation before us is not similar to *Jordan* where the offender was not advised at the sentencing hearing of postrelease control.

**{¶23}** That position fails for two reasons. First, admittedly nunc pro tunc orders "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided." *State ex rel. Mayer v. Henson,* 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 14, quoting *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995). However, the Ohio Supreme Court decisions in *Jordan* and *Singleton* both indicate in the language of the opinion that the postrelease control advisement must occur at the sentencing hearing **and** it must be incorporated into the judgment entry. Thus, even though there is an assertion that postrelease control was properly advised at the sentencing hearing, that does not mean that the judgment entry, which did not contain the sentence as to postrelease control, could be corrected by means of a nunc pro tunc entry. Our sister district, in dicta, made the following accurate statement:

**{¶24}** "Even if it had jurisdiction, however, the nunc pro tunc entry was insufficient to meet the notification requirements established by the Supreme Court of Ohio. To wit, pursuant to *Jordan,* supra, and its progeny, a trial court that fails to properly impose post-release control in cases disposed of prior to July 11, 2006, must conduct a de novo sentencing hearing to correct the error in accordance with the relevant decisions of the Supreme Court. *State v. Singleton,* 124 Ohio St.3d 173, 2009–Ohio–6434, paragraph one of the syllabus. Essentially, the nunc pro tunc entry was a nullity." *State v. Turner*, 11th Dist. Nos. 2010-A-0034, 2010-A-0039 and 2010-A-0040, 2011-Ohio-2993, ¶ 7, fn. 2.

**{¶25}** Second, while a review of the sentencing transcript does reveal that the trial court did advise Gilbert of postrelease control in 1999, Gilbert was not told that it was mandatory or that its duration would be five years. The advisement as to postrelease control was as follows:

**{¶26}** "When you get out of prison, there will be a period known as post-release control. Under post-release control, the parole board has the right and authority to put conditions and restrictions on your release. If you violate those conditions or

restrictions, the parole board has the right and the authority to – to either make the post-release control period longer or to add conditions to you post-lease [sic] control or to actually send you back to prison or to do all three.

{¶27} "If they choose to send you back to prison, they can do it up to nine months each time you mess up and they can pile up those nine month additional sentences up to half of what you're getting now. So, you are getting 18-1/2 now. You can get another 9 years and 3 months for messing up repeatedly after you get out of prison.

{¶28} "The worse case scenario is that you could go back to prison and repeatedly mess up and get your 9 years and 3 months from them and then repeatedly mess up again when you get of prison and your could actually double this 18-1/2 year sentence by – by continuing to mess up." (03/10/99 Sentencing Tr. 41).

{¶29} Consequently, since neither the original 1999 sentencing entry nor the advisement given at the sentencing hearing advised Gilbert that postrelease control was mandatory and that it was for five years, Gilbert's 1999 sentencing entry as to postrelease control is void. *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; *Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958; *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Furthermore, while the trial court has and had the authority to resentence Gilbert because of the improper postrelease control advisement/sentence, the means it used to impose postrelease control in 2008 was not correct and thus, it did not legally impose postrelease control, i.e. the 2008 entry is a void entry. *Singleton.*

{¶30} The trial court has the authority to correct a void sentence any time prior to the offender's release. *State ex rel. Cruzadao v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19-28, 32 (stating when an offender has not completed his sentence, the trial court did not patently and unambiguously lack jurisdiction to correct the sentence). Since Gilbert has not been released, the trial court has the authority to resentence him. However, pursuant to *Fischer*, Gilbert is entitled to a resentencing hearing on postrelease control only. Therefore, the sole assignment of error has merit.

{¶31} For the foregoing reasons, the judgment of the trial court is hereby reversed and the case is remanded for a resentencing hearing solely on postrelease control.

Waite, P.J., concurs.
DeGenaro, J., concurs.