OPINION *Page 2 
{¶ 1} Appellant George Swogger appeals his felony sentence, in the Stark County Court of Common Pleas, following a revocation of probation. The relevant facts leading to this appeal are as follows.
 {¶ 2} On June 19, 2006, appellant appeared with counsel before the trial court and entered written guilty pleas on three counts of felony breaking and entering (R.C. 2911.13(A)). Before accepting the pleas, the trial court advised appellant that the range of imprisonment for each offense was six to twelve months, and that the terms could run consecutively. The trial court also advised appellant that the court could revoke probation/community control and impose imprisonment should appellant violate his probation terms. The trial court specifically reminded appellant that if revocation was the appropriate remedy, appellant would be given three 12-month terms, to run consecutively.
 {¶ 3} On July 24, 2006, following the completion of a presentence investigation report, appellant appeared with counsel for a sentencing hearing. The trial court placed appellant on probation/community control, again advising him that the court could revoke probation if appellant were to violate the terms thereof. The court again reminded appellant that if probation were revoked, the court would sentence appellant to twelve months on each count of breaking and entering, with the terms running consecutively. When asked if he understood, appellant responded in the affirmative.
 {¶ 4} The terms of possible sentencing in the event of future probation violations were journalized in a judgment entry filed July 27, 2006; however, said judgment entry incorrectly stated the potential term of imprisonment as seventeen months, rather than *Page 3 
thirty-six months (i.e., twelve months times three counts). The court issued a nunc pro tunc sentencing entry on December 20, 2006; however, the reference to seventeen months was left uncorrected.
 {¶ 5} On June 28, 2007, appellant's probation officer filed a motion to revoke probation/community control. The trial court set an evidentiary hearing for July 3, 2007. At that time, appellant stipulated to a violation. However, appellant's new counsel raised the issue regarding the seventeen-month sentence. The trial court reviewed the transcript of the original sentencing hearing and determined that thirty-six months had been reserved on the oral record. On July 3, 2007, the trial court issued a nunc pro tunc entry reflecting the thirty-six month period. On July 10, 2007, the trial court filed a judgment entry imposing a twelve-month prison term on each of the three breaking and entering counts, thus ordering appellant to prison for thirty-six months.
 {¶ 6} On July 18, 2007, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:
 {¶ 7} "I. THE TRIAL COURT COMMITTED ERROR BY SENTENCING THE APPELLANT TO A PRISON TERM IN EXCESS OF THE PRISON TERM RESERVED AT SENTENCING.
 {¶ 8} "II. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO CONSECUTIVE SENTENCES WITHOUT COMPLYING WITH THE STATUTORY CRITERIA.
 {¶ 9} "III. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE WITHOUT COMPLYING WITH THE STATUTORY CRITERIA." *Page 4 
 I. {¶ 10} In his First Assignment of Error, appellant argues the trial court erred in sentencing him to thirty-six months in prison upon the revocation of his probation. We disagree.
 {¶ 11} The crux of appellant's argument is that his imprisonment for thirty-six months violates the Double Jeopardy and Due Process Clauses of the United States Constitution, where the written sentencing entry had reserved only seventeen months in the event of a probation violation. Appellant directs us to case law holding that once a valid sentence has been executed, a trial court no longer has the power to modify the sentence except as provided by the General Assembly. SeeState v. Hayes (1993), 86 Ohio App.3d 110; State v. Addison (1987),40 Ohio App.3d 7.
 {¶ 12} However, one exception to the above rule is that a trial court has jurisdiction to correct clerical errors in its judgments. SeeState ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353, 356,2006-Ohio-5795, ¶ 19, citing Crim. R. 36. A nunc pro tune order can be used to supply information which existed but was not recorded, and to correct typographical or clerical errors. Jacks v. Adamson (1897),56 Ohio St. 397, 47 N.E. 48. "However, nunc pro tune entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." State ex rel. Fogle v. Steiner (1995), 74 Ohio St.3d 158, 164,656 N.E.2d 1288.
 {¶ 13} Here, the trial court judge had indicated at all three hearings (plea, sentencing, and revocation) his intention to impose three twelve-month sentences, consecutively, upon a probation violation. At the revocation hearing, the judge stated on *Page 5 
the record that his notes from the prior hearings likewise indicated an understanding of thirty-six months. Tr., July 3, 2007, at 4.
 {¶ 14} Based on our review of the record, we hold the trial court did not err or violate appellant's constitutional rights in utilizing a nunc pro tunc order to correct the clerical error in the July 27, 2006 sentencing entry and in thereupon sentencing appellant to thirty-six months upon the probation violation.
 {¶ 15} Appellant's First Assignment of Error is overruled.
 II., III. {¶ 16} In his Second and Third Assignments of Error, appellant argues the trial court erred in sentencing him to consecutive, maximum terms without complying with statutory criteria. We disagree.
 {¶ 17} As an initial matter, we note our holding in State v.Gibson, Ashland App. 05 COA 032, 2006-Ohio-4052, that a defendant must raise a "fundamental flaw" sentencing challenge via an appeal from the original sentencing entry, rather than by appealing from a subsequent revocation entry. However, this holding does not apply to individuals, such as appellant herein, who were placed on community control prior to August 8, 2006 (the filing date of the Gibson opinion). SeeGibson at ¶ 10-12. We are thus compelled to proceed to the merits of appellant's arguments.
 {¶ 18} We reiterate that in the post-Foster era, felony sentences are reviewed under an abuse of discretion standard. See State v.Pressley, Muskingum App. No. CT2006-0033, 2007-Ohio-2171, ¶ 17. An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." See State v. Adams (1980) 62 Ohio St.2d. 151, 157. Furthermore, judicial fact-finding is no longer required before a court *Page 6 
imposes consecutive or maximum prison terms. State v. Mooney, StarkApp. No. 2005-CA-00304, 2006-Ohio-6014, ¶ 58, citing State v. Mathis,109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855. But trial courts are still required to "consider" the general guidance factors contained in R.C. 2929.11 and R.C. 2929.12 in their sentencing decisions. See State v.Diaz, Lorain App. No. 05CA008795, 2006-Ohio-3282, ¶ 8.
 {¶ 19} In the case sub judice, appellant pled guilty to three counts of breaking and entering, felonies of the fifth degree. The sentencing range for a fifth-degree felony is six, seven, eight, nine, ten, eleven, or twelve months. See R.C. 2929.14(A)(5). The trial court's imposition of twelve months on each count is within the statutory sentencing range, and as such, is a proper sentence. Upon review, we find the trial court properly considered the general sentencing guidance factors, and we hold the trial court's consecutive, maximum sentences in this matter are not unreasonable, arbitrary or unconscionable.
 {¶ 20} Appellant's Second and Third Assignments of Error are therefore overruled.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Delaney, J., concurs.
Hoffman, P. J., concurs in part and dissents in part.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to appellant. *Page 7