[Cite as *State v. Bryan*, 2019-Ohio-2980.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

KEVIN J. BRYAN

    Defendant-Appellant

JUDGES:
Hon. John W. Wise, P. J.
Hon. Craig R. Baldwin, J.
Hon. Earle E. Wise, Jr., J.

Case No. CT2018-0058

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. CR2018-0318 |
| JUDGMENT: | Affirmed in Part; Reversed in Part and Remanded |
| DATE OF JUDGMENT ENTRY: | July 22, 2019 |

APPEARANCES:

For Plaintiff-Appellee

NO APPEARANCE

For Defendant-Appellant

JAMES A. ANZELMO
ANZELMO LAW
446 Howland Drive
Gahanna, Ohio 43230

*Wise, John, P. J.*

**{¶1}** Appellant Kevin Bryan appeals his conviction on two weapons counts in the Court of Common Pleas, Muskingum County. Appellee is the State of Ohio. The relevant procedural facts leading to this appeal are as follows.

**{¶2}** On or about December 14, 2017, appellant's parole officer asked the Muskingum County Sheriff's Office to check into appellant's failure to maintain contact with the Adult Parole Authority. Sheriff deputies went to an address in Zanesville, Ohio, and spoke with appellant's girlfriend. They subsequently discovered a .22 caliber handgun on the premises, which appellant ultimately admitted was his. *See* Plea Hearing Tr. at 10-11.

**{¶3}** On May 23, 2018, appellant was indicted on one count of having a weapon while under a disability (R.C. 2923.13(A)(3)), a third-degree felony, and possession of a defaced weapon (R.C. 2923.201(A)(2)), a first-degree misdemeanor.

**{¶4}** On August 10, 2018, appellant appeared with counsel before the court for a plea hearing. The defense and prosecution jointly recommended a two-year prison sentence and forfeiture of the handgun. *See* Plea Hearing Tr. at 3. Appellant entered pleas of guilty to both charges.

**{¶5}** A sentencing hearing was conducted on August 13, 2018. Via a judgment entry issued on August 14, 2018, appellant was sentenced to two years in prison on Count I, and six months of local incarceration on Count II, to be served concurrently.

**{¶6}** In addition, the court concluded that appellant had violated the post-release control that he had been serving under Muskingum County case number CR2012-0053. The court therefore terminated that post-release control and ordered appellant to

consecutively serve in prison the remaining post-release control time, which the court had calculated at the sentencing hearing to be 1,124 days. *See* Sentencing Tr. at 8. However, the sentencing entry did not restate the 1,124 figure or state a specific amount of prison time for the post-release control violation from CR2012-0053. *See* Judgment Entry, Aug. 14, 2018, at 1-2. The entry merely stated that the court "imposes the remainder of time left on Post Release Control be served in prison." *Id.* at 2.

{¶7} The court also ordered appellant to pay court costs. Judgment Entry, Aug. 14, 2018, at 2. When the court costs ruling was announced on the record (Sentencing Tr. at 8), appellant's trial counsel did not object even though appellant had received appointed counsel on June 11, 2018 due to his indigence.

{¶8} On September 7, 2018, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶9} "I. THE TRIAL COURT ERRED WHEN IT SENTENCED BRYAN, IN VIOLATION OF HER [SIC] DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION.

{¶10} "II. BRYAN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

I.

{¶11} In his First Assignment of Error, appellant argues the trial court erred and violated his rights to due process under the United States and Ohio Constitutions when it

sentenced him, via the judgment entry of August 14, 2018, for violating his post-release control from a prior case.

**{¶12}** The United States Supreme Court has stated that an accused is guaranteed the right to be present at all stages of criminal proceedings that are critical to its outcome when his or her absence may frustrate the fairness of the proceedings. *See Kentucky v. Stincer* (1987), 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631. *See, also,* Crim.R. 43(A). Similarly, "[a] defendant is entitled to know his sentence at the sentencing hearing." *State v. Santiago*, 8th Dist. Cuyahoga No. 101640, 2015-Ohio-1824, ¶ 19. Thus, sentencing terms in a judgment entry must match those announced in open court in the defendant's presence. *State v. Sullivan*, 1st Dist. Hamilton No. C-150091, 2015-Ohio-4845, ¶ 6, citing *State v. Carpenter,* 1st Dist. Hamilton No. C–950889, 1996 WL 577854.

**{¶13}** Under R.C. 2929.141(A)(1), when a defendant who is on post-release control is convicted of or pleads guilty to a new felony, the trial court may terminate the post-release control term and convert it into additional prison time, a penalty often referred to as a "judicial sanction." *See State v. Bishop*, 156 Ohio St.3d 156, --- N.E.3d ---, 2018-Ohio-5132**,** ¶ 13. In the case *sub judice*, appellant emphasizes that even though the trial court orally ordered a specific judicial sanction of 1,124 days, consecutive, for his prior-case post-release control violation, on top of the two-year sentence for his present offenses, the number of days was not repeated in the written sentencing entry. But we thus observe that the written sentencing entry did not add a new sanction vis-à-vis what was pronounced orally, it merely left out an important numerical detail.

**{¶14}** A trial court has jurisdiction to correct clerical errors in its judgments. *See State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006–Ohio–5795, 856 N.E.2d 263,

¶ 19, citing Crim.R. 36. A *nunc pro tunc* order can be used to supply information which existed but was not recorded, and to correct typographical or clerical errors. *See Jacks v. Adamson* (1897), 56 Ohio St. 397, 47 N.E. 48. *Nunc pro tunc* entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide. *State v. Swogger*, 5th Dist. Stark No. 2007 CA 00208, 2008-Ohio-2536, ¶ 12, quoting *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (internal quotations omitted).

**{¶15}** Under the circumstances presented, we find the proper remedy in this appeal is to remand the matter to the trial court to issue a *nunc pro tunc* sentencing entry in accordance with law. Appellant's First Assignment of Error is sustained to that extent.

II.

**{¶16}** In his Second Assignment of Error, appellant argues he received ineffective assistance of trial counsel because his defense attorney did not request a waiver of court costs. We disagree.

**{¶17}** This Court rejected such an argument in *State v. Davis,* 5th Dist. Licking No. 17-CA-55, 2017-Ohio-9445. We have continued to follow our *Davis* holding in this regard, most recently in *State v. Ross*, 5th Dist. Muskingum No. CT2018-0047, 2019-Ohio-2472, ¶ 60. The present issue remains pending before the Ohio Supreme Court on a certified conflict between *Davis*, *supra*, and *State v. Springer*, 8th Dist. Cuyahoga No. 104649, 2017-Ohio-8861.

**{¶18}** In *State v. Ramsey*, 5th Dist. Licking No. 17-CA-76, 2018-Ohio-2365, we held that unless an Ohio Supreme Court decision is rendered on this issue to the contrary in the future, we would continue to abide by our decision in *Davis. Ramsey* at ¶ 46.

**{¶19}** Accordingly, we herein hold appellant was not deprived of the effective assistance of trial counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Ohio Constitution.

**{¶20}** Appellant's Second Assignment of Error is overruled.

**{¶21}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed in part, reversed in part, and remanded.

By: Wise, John, P. J.

Baldwin, J., and

Wise, Earle, J., concur.

JWW/d 0703