[Cite as *State v. Gamble*, 2026-Ohio-1587.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250199 |
| | | TRIAL NO. 25/CRB/1160 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| DEMETREIST GAMBLE, | : | |
| | | *JUDGMENT ENTRY* |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 5/1/2026 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *State v. Gamble*, 2026-Ohio-1587.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250199 |
| | | TRIAL NO. | 25/CRB/1160 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| DEMETREIST GAMBLE, | : | *O P I N I O N* | |
| Defendant-Appellant. | : | | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 1, 2026


*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Julieana S. Hay*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**BOCK, Judge.**

**{¶1}** Defendant-appellant Demetreist Gamble appeals his conviction for aggravated menacing stemming from a verbal altercation with his landlord.

**{¶2}** First, Gamble argues that his conviction is against the manifest weight of the evidence by asserting that the sole witness's testimony was not credible. But we see nothing in the record demonstrating that the trial court lost its way in crediting the witness's testimony.

**{¶3}** Next, Gamble argues that the trial court abused its discretion when it stated during sentencing that Gamble would not owe a fine, but it then placed an "X" on the space for fines in its sentencing entry. We interpret the "X" as indicating that the trial court chose not to impose a fine, so there is no error.

**{¶4}** We overrule Gamble's assignments of error and affirm the trial court's judgment.

### I. Factual and Procedural History

#### A. Procedural History

**{¶5}** The State charged Gamble with aggravated menacing under R.C. 2903.21. After a bench trial, the trial court found Gamble guilty, sentenced Gamble to 180 days in jail, credited him for 33 days of time served, suspended the remaining 147 days, imposed one year of community control with anger-management counseling, and remitted court costs. On the sentencing entry, the trial court placed an "X" in the space labeled "FINE." It placed check marks in the spaces labeled "COSTS" and "REMIT." Gamble appealed.

#### B. Facts

**{¶6}** Gamble rented a room inside a house owned by T.W. In October 2024, Gamble told T.W. that the heat was not working properly in his room. T.W. twice

3

dispatched an HVAC professional to remedy the problem. But the serviceperson did not fix the issue because Gamble was not present to let the HVAC worker into his room on either occasion.

{¶7} Gamble withheld rent due to the lack of heat. Gamble and T.W.'s landlord-tenant relationship began to deteriorate. T.W. described Gamble as increasingly aggressive, disrespectful, and "threatening" in messages and phone calls.

{¶8} T.W. informed Gamble that he was escalating the lack-of-heat problem to an emergency level, he would personally let the HVAC worker into Gamble's room, and he would inspect Gamble's room. When T.W. arrived to let in the HVAC worker and inspect Gamble's room, Gamble, who was leaving the house with another person, began making a "commotion" and "started calling out [T.W.'s] name." According to T.W., Gamble threatened, "[S]top playing with me because I'll shoot you." T.W. "believe[d] that that was something [Gamble] was capable of."

{¶9} After this exchange, Gamble left the house. At some point, T.W. called the police. Gamble stated during sentencing that T.W. had called the police before he arrived at Gamble's room. T.W. said he called the police due to Gamble previously threatening him over the phone. At the scene, T.W. told the officers about Gamble's previous threats and invited the officers to search Gamble's room with him because he feared that Gamble had firearms in the room. T.W. entered Gamble's room to complete the inspection without the police, where he recovered a toy gun, which had been altered in a manner more resembling a real gun.

## II. Analysis

{¶10} On appeal, Gamble asserts (1) his conviction was against the manifest weight of the evidence, and (2) the trial court erred by imposing a fine in its sentencing entry when it did not announce the fine at Gamble's sentencing hearing.

### A. First Assignment of Error

{¶11}  In asserting that his conviction is against the manifest weight of the evidence, Gamble argues that T.W. was not a credible witness.

### 1. Standard of Review

{¶12}  Despite Gamble raising only a manifest-weight challenge, the State responds with arguments referring to a sufficiency-of-the-evidence challenge. These are two distinct standards of review. *See State v. Thompkins*, 1997-Ohio-52, ¶ 22 ("The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.").

{¶13}  A manifest-weight challenge asks this court to review the entire record, weigh the evidence, consider the credibility of the witnesses, and sit as the "thirteenth juror" to determine whether the trier of fact "clearly lost its way." *Id.* at ¶ 25. We overturn a conviction as against the manifest weight of the evidence only in extraordinary circumstances to correct a "manifest miscarriage of justice." *Id.*

{¶14}  A sufficiency-of-the-evidence challenge, on the other hand, requires the reviewing court to determine whether the State presented sufficient evidence to establish each element of the offense. *State v. Hurt*, 2024-Ohio-3115, ¶ 84 (1st Dist.). The reviewing court must consider the evidence in the light most favorable to the State and determine "whether a reasonable fact finder could have found that the state proved beyond a reasonable doubt all the essential elements of each offense." *Id.* In contrast to a manifest-weight review, a court reviewing whether the State presented sufficient evidence does not weigh the evidence. *Id.*

### 2. Aggravated Menacing

{¶15}  To convict Gamble of aggravated menacing, the State had to prove beyond a reasonable doubt that Gamble knowingly caused another to believe that he

5

would cause serious physical harm to the person. R.C. 2903.21(A). R.C. 2903.21(A) requires a victim to subjectively believe that the offender will cause them serious physical harm. *State v. Landrum*, 2016-Ohio-5666, ¶ 9 (1st Dist.). The State is not required to establish "'that the offender is able to carry out the threat or even that the offender intended to carry out the threat.'" *State v. Antolini*, 2025-Ohio-2060, ¶ 43 (1st Dist.), quoting *State v. Clemmons*, 2020-Ohio-5394, ¶ 33 (12th Dist.).

### 3. T.W.'s Credibility

{¶16} Gamble first argues that T.W.'s testimony was not credible because it was illogical for Gamble to be so upset about T.W. facilitating the HVAC repair that he threatened to shoot him. But T.W. also testified that the week before Gamble threatened to shoot him, after two failed attempts to repair the heat in Gamble's room, their relationship began to deteriorate and Gamble became increasingly aggressive, which included threatening T.W. over text messages and phone calls. A trier of fact could believe that growing animosity between Gamble and T.W. preceded Gamble threatening to shoot T.W.

{¶17} Next, Gamble argues that the State failed to admit any of these threatening messages into evidence, suggesting that the lack of corroborating evidence undermines T.W.'s claim that these threats occurred. But witness testimony alone can sustain a conviction, and a lack of physical evidence corroborating that testimony does not render a conviction against the manifest weight of the evidence. *See State v. Wright*, 2024-Ohio-851, ¶ 32 (1st Dist.).

{¶18} Third, Gamble contends that the police were unaware of why T.W. requested their presence, undermining T.W.'s claim that he called the police because he feared an altercation with Gamble. T.W. testified that he contacted the police because the relationship between Gamble and T.W. had turned aggressive. Once the

6

police arrived, T.W. asked police officers to inspect Gamble's room with him because he believed that Gamble stored firearms in the room. This testimony supports T.W.'s claim that he believed Gamble would cause him serious physical harm. Whether the police were aware of the reason T.W. called them does not impact T.W.'s subjective belief that Gamble would carry out his threat to shoot him.

**{¶19}** Finally, the trial court stated that T.W. was "extremely credible." While this court reviews witness credibility, we give some deference to the trier of fact's credibility determinations, as the fact finder is able to observe the testimony firsthand. *See State v. Higgins*, 2022-Ohio-2754, ¶ 13 (1st Dist.) ("the determination of witnesses' credibility and the resolution of conflicts in the evidence are matters for the trier of facts.").

**{¶20}** The trial court did not lose its way or create a manifest injustice by finding Gamble guilty of aggravated menacing based on T.W.'s testimony. Accordingly, we overrule Gamble's first assignment of error.

### B. Second Assignment of Error

**{¶21}** In his second assignment of error, Gamble contends that the trial court erred in imposing a fine in its judgment entry without announcing that fine at Gamble's sentencing hearing.

### 1. Standard of review

**{¶22}** We review a misdemeanor sentence for an abuse of discretion. *State v. James*, 2005-Ohio-1996, ¶ 14 (1st Dist.), citing *State v. Beachy*, 2003-Ohio-1285, ¶ 4 (9th Dist.). A court abuses its discretion when it exercises its judgment "in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

7

**2. Sentencing**

**{¶23}** Defendants are entitled to know their sentences at their sentencing hearings and, "[a]s such, the sentence announced in open court and the sentence in the judgment entry must match." *State v. Fields*, 2025-Ohio-2248, ¶ 44 (1st Dist.), citing *State v. Bryan*, 2019-Ohio-2980, ¶ 12 (5th Dist.). In *Fields*, this court sua sponte addressed a clerical error in a sentencing entry. *Fields* at ¶ 43. The trial court had stated at the sentencing hearing that Fields would not owe a fine, but it imposed a fine in the sentencing entry. *Id.*

**{¶24}** Here, the trial court stated during Gamble's sentencing hearing that it was not imposing a fine. On the sentencing entry, the trial court placed an "X" in the space for fines and check marks in the spaces for costs and remitting those costs.

**{¶25}** No error occurred below because the sentencing entry does not impose a fine. The checkmarks on the "costs" and "remit" lines on the sentencing entry indicate that the trial court assigned and remitted court costs. The "X" on the "FINE" line, however, means that the court did not impose a fine. We overrule Gamble's second assignment of error.

### III. Conclusion

**{¶26}** For the foregoing reasons, we overrule Gamble's assignments of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.